UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHANIE ROYSTER,
an individual,

    Plaintiff,

                                  CASE NO:   1:18-CV-2182

vs.

NAUTICA ENTERTAINMENT, LLC,
d/b/a JACOBS PAVILION

    Defendant.
_____/

## COMPLAINT

Plaintiff, Stephanie Royster ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Nautica Entertainment, LLC for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Northern District of Ohio pursuant to 28

U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Ohio.

3. Plaintiff, Stephanie Royster (hereinafter referred to as "Royster") is resident of Strongsville, Ohio and is a qualified individual with a disability under the ADA. Royster suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from suffers from Muscular Dystrophy, requires a wheelchair for mobility, and has limited use of her upper extremities. Prior to instituting the instant action, Royster visited the Defendants' premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Royster continues to desire and intends to visit the Defendants' premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Nautica Entertainment, LLC is a limited liability company registered to do business and, in fact, conducting business in the State of Ohio. Upon information and belief, Nautica Entertainment, LLC, (hereinafter referred to as "NAUTICA") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: Jacobs Pavilion located at 2014 Sycamore Street, Cleveland, Ohio (hereinafter referred to as the "Amphitheater").

5. All events giving rise to this lawsuit occurred in the Northern District of Ohio.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Amphitheater owned by NAUTICA is a place of public accommodation in that it is a theatre or other place of exhibition as well as a place of public gathering operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Amphitheater in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Amphitheater owned by NAUTICA. Prior to the filing of this lawsuit, Plaintiff visited the Amphitheater at

issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the specific barriers listed in Paragraph 11, below, that the Plaintiff personally encountered. In addition, Plaintiff continues to desire and intends to visit the Amphitheater, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Amphitheater in violation of the ADA. Plaintiff has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. NAUTICA is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and are discriminating against the Plaintiffs as a result of *inter alia*, the following specific violations:

**Nautica Common Areas**

 i. The accessible signage located at all accessible parking spaces is mounted too low to be seen over parked vehicles.

 ii. There are no designated accessible parking spaces or van accessible

      parking spaces located in the VIP parking area for Jacobs Pavilion.

iii.    The ticket counter at the box office is out of reach of wheelchair users.

iv.    The accessible Men's and Women's toilet rooms located outside the entry to Jacobs Pavilion cannot be used as accessible toilet rooms for the venue because there is a "no reentry" policy and they are located at a distance from the venue that is much greater than the restrooms located within the venue that are used by the general public that are not wheelchair accessible. (See below)

v.    The accessible toilet compartment in the Men's and Women's toilet rooms outside the entry to Jacobs Pavilion is too narrow for a wheelchair user, has insufficient maneuvering clearances, no rear grab bar, and only a side grab bar.

vi.    There is insufficient knee clearance for wheelchair users at the built in lavatories at the Men's and Women's toilet rooms located outside the entry to Jacobs Pavilion. The hot water and drain pipes are not insulated and the paper towel dispensers are out of reach of wheelchair users.

**Jacobs Pavilion**

vii.    There are an insufficient number of wheelchair accessible seating positions based on the advertised capacity of 5,000 seated positions and

an undefined number of standing positions.

viii. There are no accessible seating positions in the "season ticket holder" boxes.

ix. The currently designated "accessible" seating locations are not dispersed horizontally or vertically throughout the venue.

x. The currently designated "accessible" seating locations are not clearly marked.

xi. All currently designated and existing "accessible" seating locations have obstructed sight lines that do not allow for lines of sight over the heads of standing spectators or spectators in the circulation areas located in front of the accessible seating locations.

xii. Accessible seating locations are not shown on online ticket purchase charts making such seats unavailable for purchase in the same manner as tickets for able-bodied patrons.

xiii. Accessible routes throughout the venue are not clearly marked.

xiv. The Men's and Women's toilet rooms are not wheelchair accessible due to being accessed by steps.

xv. The two portable toilets that are designated as accessible do not satisfy the requirement for an accessible lavatory in each.

    xvi.    All food and beverage and merchandise counters are out of reach of wheelchair users.

12.    There are other current barriers to access and violations of the ADA at the Amphitheater owned and operated by NAUTICA that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.    Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, NAUTICA was required to make its Amphitheater, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, NAUTICA has failed to comply with this mandate.

15.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make

them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against NAUTICA and request the following injunctive and declaratory relief:

    A.    That the Court declares that the property owned and administered by Defendants is violative of the ADA;

    B.    That the Court enter an Order directing Defendants to alter their facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court awards such other and further relief as it deems necessary, just and proper.

Dated this 21st day of September 2018.

            Respectfully submitted,

            By:   /s/ Edward I. Zwilling
            Edward I. Zwilling
            Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:   (205) 822-2701
Email: edwardzwilling@zwillinglaw.com